## ABE SPILKEN
### vs.
## MEYER ROSENHOLTZ

Superior Court       New London County        File #11966

Present:  Hon. PATRICK B. O'SULLIVAN, Judge.

Morris Lubchansky,            Attorney for the Plaintiff.

Harrison D. Scofield,          Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 4, 1936.

O'SULLIVAN, J.  In 1930, Meyer Rosenholtz, the defendant, sold a bakery business with all its personal property and its good will to Morris Brandt and Ida Rosenholtz covenanting with them that he would not enter a like business, either directly or indirectly, within the City of New London for a period of ten years.  A bill of sale executed by the parties ran to the vendees and their assigns.  Ida Rosenholtz withdrew from the business which Brandt continued to operate until January, 1934, when he sold his entire interest to Sadie Umansky and Saul Feingold.  In July of the same year, those latter transferred and assigned the business, with its good

will, to the plaintiff who is now conducting the bakery.

In 1936, the defendant re-entered the bakery business by operating three stores for that purpose within the territorial limits of New London. This has seriously affected the plaintiff's business, causing irreparable damage for which an action at law is inadequate. Accordingly he seeks injunctive relief.

To the foregoing facts the defendant has demurred, and assigns three grounds in an effort to challenge the cause of action set forth in the complaint.

1. It is urged that there is no right to injunctive relief because the plaintiff was not a party to or in privity with the defendant's covenant not to re-enter into the bakery business.

The weight of authority is overwhelmingly to the effect that such a covenant is not only assignable, but that the right to enforce it passes to a subsequent purchaser of the business, even though no express assignment has been made. 4 A.L.R. 1078, with cases cited. There is advanced no sound reason why Connecticut should get out of step with this rule. The covenant passes as an incident of the sale of the business and of its good will. **American Ice Company vs. Meckel, 109 Appellate Division (N.Y.) 93.** Save in the exceptional case, the purpose of a covenant of the type in question is not to protect the individual to whom it is given but rather to safeguard the business and property which he is buying. It attaches to the business and follows the business whenever a sale may occur. Consequently the plaintiff in this case has the right to seek the relief he requests.

2. It is further urged that the covenant is unreasonably broad both as to territory and time and hence is invalid as a contract in restraint of trade.

If it be assumed this raises a question of law rather than of fact, it does not follow that the covenant is unreasonable and hence invalid. The general rule that contracts in restraint of trade are void has as one of its exceptions a situation arising from a contract made for the protection of the control of a business. If the restriction is not unreasonable, it is valid. Neither the period of time during which the restraint is to last nor the extent of the territory that is to be included is conclusive, but the length of time and, even more, the extent of space, are the important factors in the determination

of the reasonableness of the restrictive covenant. **Restate-ment of Law of Contracts, Sections 515, 516.**

As a question of law, the covenant in this case is not un-reasonable; as a question of fact, it cannot be answered through a demurrer.

3. Finally it is urged that the terms of the covenant are too vague to be enforced by a court of equity.

The language of the covenant is: "The vendor (defend-ant) agrees not to enter the bakery business either directly or indirectly in any manner whatsoever in said City of New London for a period..of ten years."

There is nothing vague or uncertain in this language. The time is ten years; the territory is the City of New London; the restricted activity is the engaging in a bakery business. It would be difficult to phrase the covenant in terms more simple or certain.

Accordingly, the demurrer is over-ruled.