[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION FOR TEMPORARY INJUNCTION
Plaintiff seeks a temporary injunction to prevent defendant from the private practice of internal medicine in certain Connecticut cities and towns. CT Page 4694
FACTS
Plaintiff and defendant are both physicians who have specialized in internal medicine since 1980.
The plaintiff and defendant began practicing together in the fall of 1985 when they established a partnership.
After a year of working together as partners defendant left to join Hartford Hospital's Emergency Department on a full time basis and the partnership was dissolved.
In 1991, defendant and plaintiff began discussing the possibility of the defendant's return to private practice. Plaintiff at that time needed help in her practice.
On January 1, 1992, as an employee, defendant began practicing with the plaintiff.
That practice, at 19 Woodland Street in Hartford, draws patients from Hartford and the surrounding cities and towns of Avon, Simsbury, Farmington, West Hartford, New Britain, Wethersfield, Newington, Rocky Hill, East Hartford, Manchester, South Windsor, Glastonbury, Bloomfield, Granby and Windsor.
Defendant was hired to work in plaintiff's practice three days per week and she did through January 10, 1997.
On January 1, 1992 defendant signed an employment agreement containing, among other things, a covenant not to compete with plaintiff's practice, should she ever leave plaintiff's employ, as well as a covenant not to solicit the patients of that practice for a similar period of time. These covenants, and the other obligations of the original employment agreement, were renewed from year to year through a succession of renewal agreements effective January 1 of each year through 1996.
The last agreement was for the period January 1, 1996 through December 31, 1996 which in pertinent part contains the following paragraph:
 Covenant Not to Compete. The Employee covenants and agrees that, for a period of two (2) years after the termination or cessation of her employment with the Employer for any reason she will not do any of the following without the prior CT Page 4695 written consent of the Employer:
 (i) directly or indirectly enter into or in any manner participate in any association, business, practice or care group either individually or as an officer, director, employee, partner, investor, consultant, independent contractor, principal or otherwise, which association, business, practice or care group is engaged in the delivery of medical services similar to those of the Employer within the towns of Avon, Simsbury, Farmington, West Hartford, New Britain, Hartford, Wethersfield, Newington, Rocky Hill, East Hartford, Manchester, South Windsor, Glastonbury, Bloomfield, and Windsor, in competition with the Employer, provided, however, that such restriction shall not extend to a walk-in clinic, employment by a hospital or in-house corporation physician
* * *
 (iii) solicit any patients of the Employer nor remove any patient files from the Employer's office. this restriction shall be effective regardless of the Employee's place of employment.
During her years of employment defendant worked over 1100 hours per year.
In December, 1996, defendant gave notice that she intended to not renew her employment in plaintiff's practice and the parties agreed that defendant would remain an employee of the practice and be paid through the end of January, 1997.
At that time plaintiff was in the process of selling her practice to a managed health care organization called ProHealth Physicians MSO, Inc. ("MSO") That sale was expected to close right after the first of the year. By March 18, 1997 that closing date was extended to March 30, 1997. At the time of the last day of trial on April 3, 1997 that closing had not yet taken place but will in the immediate future.
In order to continue the practice of medicine with plaintiff after that sale defendant would have to become an employee of MSO and sign a covenant not to compete with MSO that would include almost the entire state of Connecticut CT Page 4696
On or about March 3, 1997, defendant joined a private medical practice group called Connecticut Multispecialty Group, P.C. (CMG), which is a group of physicians practicing a variety of specialties. Its Division of Internal Medicine consists of approximately 30 physicians practicing out of approximately nine different offices throughout the greater Hartford area.
Defendant is practicing internal medicine with CMG at 85 Seymour Street in Hartford. CMG intends to open a new office this summer in the vicinity of the Wethersfield-Rocky Hill town line where defendant will ultimately practice. Until then she will continue to practice internal medicine at 85 Seymour Street, Hartford.
Defendant has received less than 10 patient files from plaintiff since she left. Plaintiff's practice consists of over 3000 patients of whom at least one-half were "patients of" defendant when she left. About 150 patients have left plaintiff's practice since January 10, 1997.
Defendant is not soliciting plaintiff's patients.
Patients are not fungible and thus if defendant has taken some of defendant's patients by violation the covenant plaintiff would be irreparably injured. No doubt some of the patients who have left plaintiff's practice since January 10, 1997 would have been retained by plaintiff.
Enforcement of the covenants would harm defendant and her ability to practice internal medicine.
Sometime before 1992 plaintiff set up a qualified retirement plan for her business. That plan was still in effect when defendant was hired and it continued at least until January 10, 1997. Defendant was never told that she was entitled to participate in that plan. Plaintiff was a highly compensated employee during that period
LAW
 I. VIOLATION OF COVENANT
Defendant did practice internal medicine within the proscribed time period and in the proscribed area. CT Page 4697
The purpose of the covenant was to protect plaintiff's practice from the loss of patients. She sold that practice and no longer owns it. Paragraph 20 of the contract clearly permits the plaintiff to assign the contract. This is allowed under our law. Abe Spilken v. Meyer Rosenholtz, 4 Conn. Sup. 300, 301.
It is true that plaintiff will no doubt retain many of her patients when she goes to work for MSO. It is also true that her compensation from MSO will be affected by the number of patients she sees and treats while an employee of MSO.
This covenant was "reasonably necessary for the protection of the good will of [plaintiff's] business" as defendant was intimately involved in the operation of the practice as an employee during the relevant period. Domurat v. Mazzaccoli, 138 Connecticut 327, 330. Defendant has her own personal following
The area included in the covenant not to compete is in need of doctors who specialize in internal medicine. This fact causes the court to suspect some potential harm to the society of the subject area but it is not "clear and certain" Collins v. SearsRoebuck Co., 164 Conn. 369, 377.
II. RETIREMENT PLAN
Defendant was entitled to participate in the plaintiff's retirement plan beginning on July 1, 1993. Plaintiff was required to allow her to participate in that plan.29 U.S.C. § 1052
This plan discriminated in favor of plaintiff, a highly compensated employee, and that is not permitted. 26 C.F.R. § 1.401 (a)(4)-1 ..25 U.S.C. § 401a (3) and (4).
The plaintiff comes to court with unclean hands and thus cannot prevail. Pappas v. Pappas, 164 Conn. 242, 245-246.
III. TEMPORARY INJUNCTION
There has been and will be some irreparable harm to plaintiff.
Plaintiff has no adequate remedy at law. CT Page 4698
The court cannot conclude that the plaintiff will probably win.
Upon a balancing of the equities the court finds for defendant.
IV. ANTI-TRUST
This court can find no violation of our anti-trust statute. Connecticut General Statute § 35-24, et seq.
Application for temporary injunction is denied.
Norris L. O'Neill, J. Judge Trial Referee